UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES A. KOORSEN, JR., ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:17-cv-00439-WTL-TAB |
| vs. ) | |
| ) | |
| BRIAN FULLER INSURANCE CO., ) | |
| ALLSTATE -- THOMAS BRAND AGENCY, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion and Notice of Conflict of Interest,
Dismissing Action, and Directing Entry of Final Judgment**

In his complaint, the plaintiff alleges that his insurance agent submitted a claim without his consent for damage allegedly caused by Direct TV. Because this claim does not allege a violation of federal law and the plaintiff did not allege diversity of citizenship, the Court noted in the Entry of February 14, 2017, that it did not have jurisdiction over the plaintiff's claim. Dkt. 4. The plaintiff was directed to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

The plaintiff has responded with a motion/notice of conflict of interest. He argues that because the undersigned had dismissed a prior action the plaintiff allegedly brought against the Richmond Police Department and the City of Richmond, the undersigned has a "conflict of interest." The plaintiff has not identified by case number any such prior case, nor has the Court located a case with those defendants, however, even if the undersigned has dismissed prior cases brought by the plaintiff, this is not a reason to find a "conflict of interest" or otherwise disqualify a judge.

Under 28 U.S.C. § 455(a), a federal judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." *Id.* Judicial rulings, routine trial administration efforts, and ordinary admonishments are not grounds for recusal. *See Liteky v. United States,* 510 U.S. 540, 545 (1994). In order to justify recusal under § 455(a), the impartiality of which a judge is accused will almost always be extrajudicial. *Id.* at 554; *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001); *In re Huntington Commons Assocs.,* 21 F.3d 157, 158-59 (7th Cir. 1994). Thus, "[w]hen a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is apparent, the motion should be denied." S*prinpangler v. Sears, Roebuck & Co.*, 759 F. Supp. 1327, 1329 (S.D.Ind. 1991) (citing *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988)). "Adverse rulings do not constitute evidence of judicial bias." *Thomas v. Reese,* 787 F.3d 845, 849 (7th Cir. 2015). Accordingly, the plaintiff's motion/notice of conflict of interest [dkt. 5] is **denied.**

The plaintiff has not shown that this Court has subject matter jurisdiction over his claim. Accordingly, the action is dismissed for the reasons set forth in the Entry of February 14, 2017. Judgment consistent with this Entry shall now issue.

Date: 3/13/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES A. KOORSEN, JR.
1440 South 14th Street
Richmond, IN 47374